Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MUND & FESTER GMBH & CO. KG a/s/o          18 Civ.
URUD'OR S.A.,

      Plaintiff,                                **COMPLAINT**

    - against -

HAMBURG SUDAMERIKANISCHE
DAMPFSCHIFFAHRTS-GESELLSCHAFT KG,

      Defendant.
------------------------------------------------------------------X

      Plaintiff, MUND & FESTER GMBH & CO. KG a/s/o URUD'OR SA, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

### PARTIES

    2.    At all material times, MUND & FESTER GMBH & CO KG (hereinafter "M&F" or "Plaintiff") was and is a corporation with an office and place of business located at Trostbrucke 1, 20457 Hamburg, Germany, and is the subrogated underwriter of the various consignments of Fresh Fruit, as more specifically described below.

3. At all material times, URUD'OR SA, (hereinafter "Urud'Or" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at Rincon 487, Montevideo, Uruguay and was the owner and shipper of a consignment of Fresh Mandarins, as more specifically described below.

4. At all material times, defendant, Hamburg Sudamerikanische Dampfschiffahrts Gesellschaft KG. (hereinafter "Defendant" or "Hamburg Sud") was and is a corporation with an office and place of business located at 465 South Street, Morristown, New Jersey 07960 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## Relevant Facts

6. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 5, as if herein set forth at length.

7. On or about July 13, 2017, a consignment consisting of 1,456 Cases of Fresh Mandarins, laden in container number SUDU 6069620, then being in good order and condition, was delivered to Hamburg Sud and/or its agents in Paysandu, Uruguay by cargo shipper Urud'Or. The cargo was booked for transit on board the M/V MONTE ROSA in Paysandu destined for Philadelphia, PA., all in consideration of an agreed upon freight, and in consideration of Hamburg Sud maintaining a supply air temperature of -0.3°C at all times, all pursuant to bill of lading number SUDU57MVDIA0927B dated July 13, 2017.

8. The cargo of Fresh Mandarins is subject to a USDA protocol which requires that certain temperatures be maintained during the transit. Hamburg Sud was aware of this USDA protocol and provided equipment to monitor the USDA temperature requirements during the transit. Moreover, Hamburg Sud applied for, and received authorization from the USDA to transport cargoes subject to the USDA protocol based upon certain representations Hamburg Sud made to the USDA.

9. Thereafter, the aforementioned container was loaded aboard the M/V MONTE ROSA on or about July 13, 2017, bill of lading SUDU57MVDIA0927B was issued and the vessel sailed for its intended destination.

10. The container was discharged in the port of Philadelphia on or about August 13, 2017.

11. On or about August 16, 2017 the container was delivered to the customer's trucker at the Marine Terminal and the container was trucked to Gloucester Marine Terminal in Gloucester City, New Jersey.

12. When the container arrived at Gloucester Marine Terminal and the cargo inspected, it was determined that the carrier had failed to maintain proper delivery air temperatures during the transit, and the cargo had failed to pass the USDA cold treatment protocol. The USDA placed a hold on the container pending completion of the proper cold treatment protocol.

13. On September 5, 2017, the consignment was released by the USDA and delivered to the consignee.

14. Upon delivery of the cargo to the receiver, and as a result of the temperature abuse and delay in delivery, it was determined that the consignment was not in the same good

order and condition as when first received by the defendant, but instead had suffered physical damage while in said defendant's care, custody and control.

15. The damage to the cargo was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the Defendant and/or its agents.

16. The fair market value of the consignment at destination was $48,048.00. Plaintiff was able to salvage the cargo for $34,381.10, resulting in cargo damages in the amount of $13,666.90. In addition, plaintiff incurred expenses as a result of the foregoing in the amount of $315.00.

17. As a result of the foregoing, Plaintiff suffered damages in the amount of $13,981.90.

18. At all times relevant hereto, a contract of insurance for property damage was in effect between Urud'Or and M&F, which provided coverage for, among other things, loss or damage to the consignment.

19. Pursuant to the aforementioned contract of insurance between Urud'Or and M&F, monies have been expended on behalf of Urud'Or to the detriment of M&F due to the damages sustained during transit.

20. As M&F has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, M&F has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

21. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $13,981.90.

### AS AND FOR A FIRST CAUSE OF ACTION

22. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

23. Pursuant to the contracts of carriage entered into by and between the parties, the defendant owed contractual and statutory duties to the aforementioned cargo owner to carry, bail, keep and care for, protect and deliver the Plaintiff's cargoes in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

24. Pursuant to the contracts of carriage entered into by and between the parties, the Defendant owed a contractual duty to ensure that the services provided for the carriage of plaintiff's cargoes were performed with reasonable care and in a non-negligent and workmanlike manner.

25. The Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargoes in the same good order and condition as at the time said Defendant first accepted custody and control of the various shipments.

26. As a direct and proximate cause of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $13,981.90.

27. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $13,981.90.

## AS AND FOR A SECOND CAUSE OF ACTION

28. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 27, inclusive, as if herein set forth at length.

29. At the time of the aforementioned incidents, Defendant was acting as a bailee of the aforementioned cargoes, and had a duty to safely and properly keep, care for and deliver the shipment in the same good order and condition as when first entrusted to it.

30. Defendant breached its duties and obligations as a bailee by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargoes in the same good order and condition as at the time said defendant first accepted custody and control of the various shipments.

31. As a direct and proximate cause of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $13,981.90.

32. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $13,981.90.

## AS AND FOR A THIRD CAUSE OF ACTION

33. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 32, inclusive, as if herein set forth at length.

34. The Defendant owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the aforementioned cargoes in the same good order and condition as at the time Defendant first accepted custody and control of the various shipments.

35. The Defendant breached and was negligent in exercising its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's various consignments in the same good order

and condition as at the time Defendant first accepted custody and control of the various shipments.

36.     As a direct and proximate cause of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $13,981.90.

37.     By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $13,981.90.

**WHEREFORE,** Plaintiff prays:

1.      That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2.      That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $13,981.90, together with interest, costs and the disbursements of this action; and

3.      That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       August 13, 2018
       292-142

                                        CASEY & BARNETT, LLC
                                        Attorneys for Plaintiff

                                By:     *Martin F. Casey*
                                        Martin F. Casey
                                        305 Broadway, Ste 1202
                                        New York, New York 10007
                                        (212) 286-0225